[No. 6,766.—Department Two.]

ALAMEDA MACADAMIZING COMPANY v. LUCIEN
B. HUFF ET AL.

STREET ASSESSMENT—TIME.—The Act of April 4th, 1864, required that a no-
tice inviting certain proposals should be published daily (Sundays excepted),
in a daily newspaper, for five days. *Held*, that a publication commencing
Wednesday, March 4th, and ending Sunday, March 8th, was insufficient.
The last publication should have been on the 9th.

APPEAL from a judgment for the defendants, and an order
denying a new trial, in the Third District Court, County of
Alameda.   McKEE, J.

After the decision, the respondent filed its petition that the
appeal be reheard in Bank, and the application was denied.

*Wilson & Otis*, for Appellant.

Excluding Sunday, the last day of publication, there remained
but four days of publication.

*James C. Martin*, for Respondent.

A statute precisely similar in both of its clauses, except that
ten days is prescribed instead of five, was construed by the Su-
preme Court in *Taylor* v. *Palmer*, 31 Cal. 211, and the Court
used the language: " The intent and meaning of the statute is,
that the notice of intention shall be published for a period of ten
days, during which period it shall be published daily, except on
Sundays, on which days it need not be published.   The exception
in favor of Sundays relates to the daily publishing of the
notice, and not to the period of time during which the publica-
tion is to be continued."

This decision is in no manner overruled or modified by *People*
v. *McCain*, 50 Cal. 211, cited by appellant, but is in accordance
with it.   The statute construed in *The People* v. *McCain* made
the exception of Sundays applicable not to daily publication,
but to the period of publication.

The COURT:

Action to recover for street work done in the city of Oakland.
Article vii of the complaint avers (and the plaintiff is concluded

by the averment), that the city council passed a resolution ordering the work on the 3rd day of March, 1874, and published an invitation for sealed proposals for five days in the "Oakland Daily News," beginning on the 4th day of March, 1874. The 4th day of March, 1874, was Wednesday, and the fifth day for publication of the resolution was Monday. On the 9th day of March the award was made to the plaintiff's assignor.

Section 5 of the Act of April 4th, 1864 (see Stats. 1863–64, p. 333), requires that a notice inviting sealed proposals shall be published for five days in a daily paper to be designated by the council. And by subdivision 6 of § 24 of the same act, it is provided that "the publication of notices required by the provisions of the act shall be published daily (Sundays excepted) in a newspaper to be designated by the city council of said city."

Excluding Sunday from the five days required for the publication, the last publication should have been made on Monday, the 9th day of March. It does not appear that any publication was made on that day, and if it was, the award on the 9th was premature. (*The People of the City etc.* v. *McCain*, 50 Cal. 210; *Same* v. *McCain*, 51 id. 360; Pol. Code, § 3259.)

Judgment reversed.